IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronnie Gilmer, | ) | C/A No.: 5:25-212-JD-KDW |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Warden FCI Edgefield, | ) | |
| Respondent. | ) | |

Ronnie Gilmer ("Petitioner"), proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Prison Camp in Estill, South Carolina, a facility of the federal Bureau of Prisons ("BOP"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Motion to Dismiss. ECF No. 13. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 14. Petitioner filed a Response in Opposition to Respondent's Motion on March 20, 2025. ECF No. 16.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the court grant Respondent's Motion for Summary Judgment.

I.      Factual and Procedural Background

On July 8, 2019, Petitioner entered a guilty plea to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count One) and possession of a firearm in furtherance of a drug trafficking crime in violation in 18 U.S.C. § 941(c)(1)(A)(i) (Count Three). *See United States v. Gilmer*, C/A No.: 8:18-cr-00387-TMC-1 (D.S.C. Dec. 12, 2019), ECF Nos. 85. On December 12, 2019, the district court

sentenced Petitioner to 87-months imprisonment on Count One, and 60 months-imprisonment on Count Three, all terms to run consecutively. *Id.*, ECF No. 99.

Petitioner filed the instant petition alleging the BOP failed to update Petitioner's status in their system to show Petitioner is now eligible to receive time credits under the First Step Act. ECF No. 1 at 2, 6. Petitioner asks the court to order the BOP to update Petitioner's status and apply the time credits he earned to his 87-month sentence only. *Id.* at 7.

II.     Discussion

   A.     Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Plaintiff does not need to plead detailed factual allegations in his Complaint to survive a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), however, the United States Supreme Court has held that a plaintiff's grounds for relief require more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible; the pleading standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570.

In evaluating a motion to dismiss, the court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). The court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. at 286, or

conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Additionally, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 552 (D.S.C. 2008); *Krim v. Coastal Physician Group, Inc.*, 81 F. Supp. 2d 621, 626 n.2 (M.D.N.C. 1998) (finding that "court may consider the relevant SEC filings and newspaper articles referenced by and integral to the complaint without converting the motion to dismiss into a motion for summary judgment.").

B.   Analysis

Petitioner states he was sentenced to 60-months imprisonment for possession of a firearm in furtherance of a drug trafficking crime and 87-months imprisonment for possession with intent to distribute methamphetamine. ECF No. 1-1 at 4–5. Although Petitioner acknowledges his firearm conviction made him ineligible for time credits under the First Step Act, Petitioner contends each of his sentences were to be served separately. *Id.* at 5. Petitioner states he has served his firearm sentence, and he is now serving his drug trafficking sentence. *Id.* at 5. Petitioner claims he is eligible to receive time credits for the drug trafficking sentence and the BOP should be ordered to apply the time credits Petitioner has earned. *Id.* at 5–6.

Respondent moves to dismiss the instant habeas Petition alleging the BOP properly determined Petitioner is not eligible to earn First Step Act time credits. ECF No. 13 at 4–6.

Respondent claims the BOP properly aggregated Petitioner's firearm and drug trafficking sentences and Petitioner's firearm conviction under 18 U.S.C. § 924(c) prevents Petitioner from being eligible for First Step Act time credits. *Id.* at 4–6.

In his Response in Opposition, Petitioner contends the BOP has misinterpreted the First Step Act and improperly denied Petitioner eligibility for First Step Act time credits. ECF No. 16 at 1. Petitioner cites to 18 U.S.C. § 924 (c)(1)(D)(ii) and 18 U.S.C. § 3632(d)(4)(D) and contends section 924(c) mandates that his firearm sentence be served separately, section 3632 refers to "sentence" in a singular form which contradicts the BOP's aggregation theory. *Id.* at 2–3. Petitioner claims the government does not dispute he has served his firearm sentence eliminating any legal basis for the BOP's denial of time credits as his trafficking conviction is eligible under the First Step Act for time credits. *Id.* at 2–3.

Pursuant to 18 U.S.C. § 3632, eligible individuals in custody may receive time credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). However, 18 U.S.C. § 3632(d)(4)(D) defines convictions that make an individual ineligible to receive time credits and one of the listed disqualifying offenses is "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

The First Step Act does not address whether a prisoner serving concurrent or consecutive sentences—at least one of which is for an ineligible offense—may earn First Step Act time credits for the portion of his term that is attributable only to an eligible offense. However, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The BOP, who has been charged with administering the First Step Act credit

4

program, has interpreted § 3632(d)(4)(D) so that an inmate serving a term of imprisonment for an offense specified in § 3632(d)(4)(D) is not eligible to earn First Step Act time credits. *See* 28 C.F.R. 523.41(d)(2). The BOP, under § 3584(c), has also determined that multiple terms of imprisonment are to be treated as a single, aggregate term when determining an inmate's eligibility for First Step Act time credits. The BOP's determination that an aggregate term of imprisonment comprised of both an ineligible and eligible offense precludes a prisoner from earning First Step Act time credits has been upheld by courts in this district. *See Bonnie v. Dunbar*, C/A No.: 4:23-1215-DCN-TER, 2024 WL 5691015 (D.S.C. Jan. 16, 2024) ("Based on the mandatory statutory language of 18 U.S.C. § 3584(c), for administrative purposes, the BOP's aggregation of consecutive sentences for the purpose of determining that Petitioner is ineligible to earn FSA time credits due to the disqualifying offense stemming from the § 924(c) conviction is proper."), report and recommendation adopted by, 2024 WL 5691164 (D.S.C. May 9, 2024); *Richman v. Graham*, C/A No.: 9:24-cv-01635-JD-MHC, 2024 WL 5507526, at *7 (D.S.C. Dec. 19, 2024) (finding the BOP properly aggregated Petitioner's consecutive sentences in assessing his eligibility for First Step Act credits and properly concluded Petitioner was ineligible to earn First Step Act time credits due to an ineligible conviction), report and recommendation adopted by, 2025 WL 732316 (D.S.C. March 7, 2025); *Barnes v. Warden*, Civil Action No.: ELH-23-2333, 2024 WL 3275477, at *6 (D. Md. July 2, 2024) (finding petitioner "is categorically disqualified from ETCs based on his conviction under 18 U.S.C. § 924(c) [and] the disqualification must be applied to his sentences in aggregate pursuant to 18 U.S.C. § 3584(c)."); *Banks v. King*, No. 5:22-HC-02164-M-RJ, 2023 WL 8242450, at *4 (E.D.N.C. Nov. 28, 2023) (holding the BOP properly aggregated petitioner's sentence under 18 U.S.C. § 3584(a) and

5

because petitioner "is serving an aggregate term of imprisonment that includes a sentence for a § 924(c) conviction, petitioner is statutorily ineligible to earn any FSA 'time credits.'").

The undersigned finds the BOP's aggregation of Petitioner's consecutive sentences for the purpose of determining Petitioner's eligibility to earn First Step Act time credits is proper. The undersigned further finds the BOP properly found Petitioner is ineligible to earn time credits under the First Step Act due to his disqualifying offense stemming from the § 924(c) conviction. Accordingly, the undersigned recommends the instant § 2241 petition be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Respondent's Motion to Dismiss, ECF No. 13, deny the petition for writ of habeas corpus, and dismiss the Petition without prejudice.

IT IS SO RECOMMENDED.

June 20, 2025
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7