IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronnie Gilmer, | ) | Case No.: 5:25-cv-00212-JD-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") (DE 19) of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Respondent Warden FCI Edgefield's ("Respondent" or "Warden") Motion to Dismiss (DE 13) Petitioner Ronnie Gilmer's ("Petitioner" or "Gilmer") habeas petition brought under 28 U.S.C. § 2241 (DE 1).[1]

### A. Background

Gilmer is a federal inmate housed at the Federal Prison Camp in Estill, South Carolina. On July 8, 2019, Petitioner pleaded guilty in the District of South Carolina to two counts: possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

U.S.C. § 924(c)(1)(A)(i). *See United States v. Gilmer*, C/A No.: 8:18-cr-00387-TMC-1 (D.S.C. Dec. 12, 2019). On December 12, 2019, Gilmer was sentenced to 147 months incarceration, consisting of 87 months on the drug conviction and 60 months on the firearm conviction, to run consecutively. (DE 19 at 1–2.)

On February 7, 2025, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Bureau of Prisons ("BOP") improperly failed to apply earned time credits under the First Step Act to his drug trafficking sentence. (DE 1.) Petitioner argued that because he has completed his 60-month sentence under § 924(c), he is now eligible to earn time credits against his 87-month drug sentence. (DE 1-1 at 4–6.) He seeks an order directing the BOP to update his status and apply those credits. (DE 1 at 7.)

On March 6, 2025, Respondent filed a Motion to Dismiss the petition, asserting that Petitioner is categorically ineligible to earn First Step Act time credits because he is serving an aggregate sentence that includes a disqualifying offense under 18 U.S.C. § 924(c). (DE 13.) The Magistrate Judge issued a *Roseboro* order on March 7, 2025, advising Petitioner of the potential consequences of failing to respond. (DE 14.) Petitioner filed a Response in Opposition to the Motion on March 20, 2025 (DE 16), arguing that the BOP misinterprets the statute by aggregating his disqualifying and qualifying sentences and denying him the benefit of time credits he allegedly earned.

### B. Report and Recommendation

On June 20, 2025, the Magistrate Judge issued the Report recommending that the petition be dismissed on the merits because the BOP correctly aggregated

Petitioner's consecutive sentences under 18 U.S.C. § 3584(c) and properly determined that he is ineligible for First Step Act time credits based on the inclusion of a section 924(c) offense in his total sentence. (DE 19.) No objections to the Report were filed.[2]

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having conducted a thorough review of the Report and the record, and finding no clear error, the Court adopts the Report (DE 19) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion to Dismiss (DE 13) is **GRANTED**, and Petitioner Ronnie Gilmer's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (DE 1) is **DISMISSED.** All other pending motions are **DENIED** as moot. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2]    Although no objections were filed, Gilmer filed a "Motion for Status Report." (DE 21.) The filing does not make any purported objections to the Report or seek additional time to make an applicable objection.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 15, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.